IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JESSE R. BRATCHETT | § | |
| v. | § | CIVIL ACTION NO. 9:11cv74 |
| OFFICER CAMERON NICHOLS | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Jesse Bratchett, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Bratchett sued Officer Cameron Nichols, a police officer on the San Augustine police force. He says that on July 22, 2009, Nichols met with a confidential informant to set up a drug-selling operation, giving him a ten-dollar bill with which to purchase drugs. The drug buy was accomplished; however, Bratchett says, when he was indicted, the indictment said that he had delivered drugs by "transfer to Officer Nichols," which was not true. As a result, Bratchett says that the case, which was no. CR-09-8005, was dismissed by the district attorney on November 24, 2009. He seeks damages for unlawful arrest.

Officer Nichols has filed a motion for summary judgment. This motion says that Bratchett sold drugs to a confidential informant and that he, Nichols, prepared an affidavit for an arrest warrant. This affidavit says that Nichols gave the informant ten dollars to purchase cocaine from

1

Bratchett, and the informant did so. The arrest warrant and affidavit were presented and signed by Judge Sheila Ponder. Bratchett was subsequently arrested pursuant to the warrant.

However, Bratchett's lawsuit does not complain about the warrant, but the indictment. Nichols' motion includes an affidavit from Kevin Dutton, the district attorney for San Augustine County, which affidavit says that the indictment about which Bratchett complains was prepared by Dutton, not by Nichols. Dutton also says that the criminal case was not dismissed because the indictment was in error, as Bratchett indicates, but as a result of a plea agreement entered into by Bratchett in another criminal case, numbered CR-09-8004. The order of dismissal says that the State is requesting dismissal because "the defendant was convicted in another case," and the plea agreement in case no. CR-09-8004 contains a hand-written note that the State will dismiss all other pending indicted cases and will refuse any new cases with an offense date prior to the date of the plea agreement. Bratchett received deferred adjudication in case no. CR-09-8004, the case for which he was convicted, but this was later revoked.

After review of the pleadings, the Magistrate Judge issued a Report recommending that Officer Nichols' motion for summary judgment be granted and that the lawsuit be dismissed. After setting out the standards for summary judgment, the Magistrate Judge stated that although Bratchett sued Nichols over the alleged error in the indictment, the evidence showed that Nichols was not involved with preparing the indictment.

The Magistrate Judge went on to say that Bratchett did not show that the indictment was in error. The Texas courts have held that an allegation that a defendant delivered drugs to a police officer, when in fact the drugs were delivered to an informant acting as an agent for the police officer, were valid and sufficient. <u>Young v. State</u>, 183 S.W.3d 699, 702 (Tex.App.-Tyler 2005, pet. ref'd); Texas Health & Safety Code art. 481.002(8) (defining the term "deliver" to mean "the actual transfer from one person to another of a controlled substance, whether or not there is an agency relationship"). In this case, Bratchett transferred the cocaine to a confidential informant who was serving as an agent for Nichols, and so the indictment was valid even though it alleged a transfer to

2

the principal, Nichols, rather than the agent, the informant. The Magistrate Judge recommended that summary judgment be granted on this basis as well.

Third, the Magistrate Judge determined that to the extent that Bratchett may be complaining of a false arrest, such a claim is likewise without merit. The Magistrate Judge noted that under Texas law, there is no false imprisonment if the detention was carried out under authority of law, but that a Fourth Amendment violation occurs if a government official deliberately provides false, material information in an affidavit in support of a warrant.

In this case, Bratchett did not allege that Nichols provided false, material information in his affidavit. On the contrary, Nichols' warrant tracks Bratchett's version of events; it says that Nichols gave the confidential informant ten dollars and the informant then purchased the drugs. Bratchett's complaint was with the indictment, which says that he sold the drugs to Nichols, not with the affidavit, which said that Bratchett had sold the drugs to the informant.

After stating that the doctrine of Heck v. Humphrey, 114 S.Ct. 2364 (1994) does not apply in the present case because the charges of which Bratchett complained were dismissed and so he has no habeas corpus remedies, the Magistrate Judge stated that Bratchett failed to show that he had suffered any harm as a result of the indictment of which he complains. He was never prosecuted at all under that indictment, but had it dismissed in exchange for a plea in another case, which other case is not at issue in this lawsuit. Finally, the Magistrate Judge determined that Officer Nichols was entitled to the defense of qualified immunity.

Bratchett filed objections to the Magistrate Judge's Report on February 2, 2012. In his objections, Bratchett says that the confidential informant is "a known drug addict" who has "no credibility." He says that Nichols had no permission from the chief of police, Jesse Fountain, or the district attorney, and that the confidential informant "was in trouble with the law, how can he be an agent of the law?" He says that the drugs in the case "could have come from anyone" and that the confidential informant's word and affidavit "stands for nothing in a court of law."

Next, Bratchett argues that the indictment should have said "by constructive delivery" and not "by actual delivery," and that Nichols placed the lives of Bratchett and the informant in danger because the informant had no training in law enforcement. He contends that the writing on the plea agreement could have been written after the fact and that he did not remember seeing the note saying that other charges were to be dismissed.

Bratchett's objections are without merit. He does not address the fact that Nichols did not draft the indictment about which he complains, and the credibility of the confidential informant, and whatever law enforcement training the informant may or may not have had, is not at issue in this case. Nor does Bratchett's general contention that Nichols "lacked permission" from the police chief or the district attorney set out any valid basis for relief.

While "constructive delivery" may have been a more accurate summary of the incident than "actual delivery," the Young case provides that the term "actual delivery" is acceptable. In that case, the indictment charged the defendant with "delivery by actual transfer" to the police officer, when in fact the transfer was made to the informant and was thus technically a "constructive transfer" to the police officer. The situation is the same in the present case.

Although Bratchett speculates that the writing on the plea agreement could have been added later, the order of dismissal in the case at issue, no. CR-09-8005, specifically gives as a reason for dismissal "the defendant was convicted in another case." Thus, the record shows that the criminal charges of which Bratchett complains were not dismissed because of an error in the indictment, but because he had been convicted in another case. Finally, Bratchett did not address the Magistrate Judge's conclusion that Officer Nichols is entitled to qualified immunity. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the summary judgment evidence, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

4

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge (docket no. 35) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendant's motion for summary judgment (docket no. 29) is hereby GRANTED and that the Plaintiff's lawsuit is hereby DISMISSED with prejudice. Finally, it is

ORDERED that any and all motions which may be pending in this action, specifically including but not limited to the Plaintiff's motion for summary judgment (docket no. 20) are hereby DENIED.

So **ORDERED** and **SIGNED** this **14** day of **February, 2012.**

_____
Ron Clark, United States District Judge